RODENFELS, Respondent, vs. FIDELITY & DEPOSIT COMPANY OF MARYLAND, imp., Appellant.

*April 14—May 9, 1933.*

For the appellant there was a brief by *Douglass Van Dyke* and *Walter A. John,* both of Milwaukee, and oral argument by *Mr. John.*

For the respondent there was a brief by *Stephens, Sletteland & Sutherland* of Madison, and oral argument by *Robert J. Sutherland.*

Fowler, J.  The plaintiff on September 10, 1931, commenced an action against A. G. Stroemer, a non-resident of the state, to recover for injuries sustained in an automobile collision alleged to have been caused by the negligence of the driver of his automobile.  A writ of attachment was issued in the action and the automobile was seized under the writ. Sec. 266.16, Stats., provides that in such a situation the defendant may deliver to the officer holding property under a writ of attachment an undertaking executed by at least two sureties conditioned that they will on demand pay to the plaintiff the amount of the judgment that may be recovered against him not exceeding the sum specified in the bond. Sec. 266.17 provides that the officer shall on delivery of such bond give the plaintiff a copy thereof, and that if the plaintiff does not within three days object to the sureties, objection thereto shall be waived and the officer shall deliver the property to the defendant.  Under this statute the defendant procured a redelivery bond to be executed by the defendants herein.  The plaintiff recovered judgment against A. G. Stroemer in the sum of $714.81.  The instant action is brought on the bond to recover the amount of the judgment.  Service on the defendant Stroemer was not obtained. Judgment went against the surety company only.

It is claimed by the defendant that the bond was procured through the fraud of the plaintiff effected by his attorney, A. E. Kilmer, promising the return of the car upon execution of the bond with the intention of not performing his promise, and refusing to deliver the car after the bond was executed.  We do not consider this claim, as the case is readily disposed of upon other grounds.

The bond in the instant case never in fact came into the hands of the officer at all.  It was handed to Kilmer, the plaintiff's attorney, by Mr. Burdick, the agent of the Fidelity & Deposit Company who executed the bond for the defendant company and one of the attorneys for the defendant in

the original suit, who at the time told Kilmer and the officer holding the car that he would file a duplicate of the bond with the clerk of the court. Thereupon Burdick immediately asked Kilmer in the presence of the officer to call up the garage where the car was stored and instruct the keeper to turn the car over to the defendant. Kilmer said that he could not do this because the car *had been attached* by the officer in some other actions. The car was never delivered to the defendant.

It seems too plain for controversy that if the bond be considered as a statutory bond it never became effective for want of delivery to the officer holding the attached property. It is also plain that if it were considered that the bond was delivered, as there was no delivery of the car by the sheriff to the defendant the consideration for which it was given wholly failed. It becomes the positive duty of the officer to return the property to the defendant when a redelivery bond is delivered to him and the sureties are not excepted to by the plaintiff. The plaintiff in the instant case, by his attorney, had expressly waived exception to the sureties on the bond. This imposed on the officer the duty to return the car. The plaintiff argues that the defendant never demanded the car from the officer. But no demand by the defendant is prescribed by the statute as essential to entitle him to return of the property attached. But if it were, the request of Mr. Burdick, who was acting as attorney for the defendant as well as agent for the surety company, which was made in the presence of the officer who held the attached property, operated as a demand.

The same result follows if the bond be considered, not as statutory, but as a common-law bond. The consideration for the execution of the bond was the return of the car. On getting the bond into his hands Kilmer prevented the return. The consideration for the bond therefore wholly failed and the plaintiff cannot recover upon it.

Although we do not find it necessary to determine whether, as defendant contends, the bond in suit was void because of a fraud perpetrated by Kilmer, we feel that we should not let Kilmer's conduct pass without criticism. He was also representing other parties who were claiming right of recovery against the defendant in the original action for injuries sustained in the collision involved in that action, but when the bond was handed to him actions had not yet been commenced by such persons and no other writs of attachment had been issued. No such actions were commenced until ten days later. To prevent return of the attached automobile to the defendant in the original action Kilmer falsely stated that he could not direct return of the car because it was held by the officer on attachment writs issued in other actions. When called as a witness on the trial he freely admitted his falsehood. That he made it with intent thereby to prevent the return of the car to the defendant and that he thereby prevented such return is manifest. In a letter written by him received in evidence he says:

". . . I am frank to say, however, that I had hoped that the defendant would put up a bond in the B. A. Rodenfels action and I had intended to cause attachments to be issued in the remaining two actions if this was done. I had no intention of allowing this man to take the Cadillac outside of the state of Wisconsin unless bonds were put up to secure the plaintiffs. The whole thing in a nutshell is that the defendant and his Chicago attorney were outsmarted."

Attorneys should "employ, for the purpose of maintaining the causes confided to them, such means only as are consistent with truth and honor" as the attorney's oath, sec. 256.29, Stats., requires. As stated by Mr. Chief Justice RYAN in *Wight v. Rindskopf,* 43 Wis. 344, 356, 357:

"The profession of the law is not one of indirection, circumvention, or intrigue. . . . A lawyer . . . who seeks

by device or intrigue advantage for his client in litigation is outside of professional duty and function. . . . It is the duty of all courts, upon all proper occasions, to see that the profession is confined to professional service, by professional means; and to lend no sanction to unprofessional service."

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the complaint.